

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY  )
COMMISSION,                   )
                              )      MISC. ACTION NO.
              Applicant       )
                              )      Case:2:10-mc-51134
                              )      Judge: Tarnow, Arthur J
                              )      MJ: Whalen, R. Steven
                              )      Filed: 10-12-2010 At 02:19 PM
v.                            )      MISC EEOC V DETROIT POLICE DEPT (SS
                              )      )
DETROIT POLICE DEPARTMENT,    )
                              )
              Respondent.     )

---

## APPLICATION FOR ORDER TO SHOW CAUSE WHY
## THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
## SUBPOENA SHOULD NOT BE ENFORCED

The Equal Employment Opportunity commission ("EEOC" or the "Commission") states

the following in support of its Application:

1.  This is an action for the enforcement of the Commission's *subpoena duces tecum*

    pursuant to Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et.seq.*

2.  Jurisdiction is conferred upon this Court by Sections 706(f)(1) and (3) of Title VII

    of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3),

    pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. §

    1981(a).

3.  The Commission is the federal agency charged with the investigation and

    administration of charges of unlawful discriminatory employment practices in

violation of Title VII.  Such powers, remedies and procedures for enforcement are provided by Section 706(a) and (b) of Title VII, 42 U.S.C. § 2000e-5(a) and (b).

4.    The Respondent Detroit Police Department has an address located at 1300 Beaubien, Detroit, Michigan 48226, and its counsel has an address of 660 Woodward Avenue, St., 1650, Detroit, Michigan 48226.

5.    The attached declaration of Gail D. Cober, Field Director of the Detroit Field Office of the Commission, provides the factual basis for this Application, and the declaration and attached exhibits are incorporated by reference to this Application (See Exhibit A, Declaration of Gail D. Cober).

6.    On November 12, 2009, Michael Sanders (hereinafter "Sanders") filed a charge of Discrimination alleging that Respondent unlawfully violated Title VII of the Civil Rights Act of 1964, as amended (See, Exhibit B, Charge of Discrimination and Notice of Charge of Discrimination).

7.    To investigate this Charge, on March 10, 2010, the Commission issued a Request for Information ("RFI").

8.    When Respondent failed to respond, the Commission issued Subpoena DT-10-124 (Exhibit C, Subpoena).

9.    Subpoena DT-10-124 was sent by certified mail to the Respondent on May 3, 2010 and was received on May 4, 2010.  The subpoena directed the Respondent to mail certain documentation to the Commission's Detroit Field Office by May 14, 2010 at 3:00 p.m.  (See, Exhibit C, Certified Mail Receipt; and Exhibit D, USPS Track and Confirmation Receipt).

10.    To date, Respondent has not complied with the Subpoena.

2

WHEREFORE, the Equal Employment Opportunity commission requests:

    A.  That an Order to Show Cause be issued forthwith directing Respondent to appear before this Court on a date certain to be indicated in the attached Order, and to show cause, if there be any, why the Commission's subpoena should not be enforced;

    B.  That upon return of said Order to Show Cause, this Court issue an Order directing the Respondent to comply with the subpoena; and

    C.  That this Court grant the Commission its costs and further relief as may be just and appropriate.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

LAURIE YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

Dated: October 12, 2010

NEDRA CAMPBELL (P58768)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave., Room 865
Detroit, Michigan 48226

3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Applicant | ) ) ) | MISC. ACTION NO. |
| | ) | Honorable |
| v. | ) ) ) | |
| DETROIT POLICE DEPARTMENT, | ) ) | |
| Respondent. | ) | |

---

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE WHY THE COMMISSION'S ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

LAURIE YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

NEDRA CAMPBELL (P58768)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave., Room 865
Detroit, Michigan 48226

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF QUESTIONS PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . iv

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Respondent is Barred from Challenging Judicial
             Enforcement of the Administrative Subpoena Due
             To Failure to Exhaust Administrative Remedies . . . . . . . . . . . . . . . 2

    B.    The Information Sought By The Commission
             Is Relevant To Investigation of Charge Of Discrimination . . . . . . . . 3

RELIEF REQUESTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

INDEX OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## TABLE OF CONTENTS

**CASES**

*EEOC v. Ford Motor Credit,* 26 F.3d 44, 47 (6th Cir. 1994) . . . . . . . . . . . . . . . . . . . . 4

*EEOC v. Lutheran Social Servs.,* 186 F.3d 959, 964 (D.C. Cir. 1999) . . . . . . . . . . . . . 3

*EEOC v. Roadway Express, Inc.,* 261 F.3d 634, 637 (6th Cir. 2001) . . . . . . . . . . . . . 4,5

*Univ. of Penn. v. EEOC,* 493 U.S. 182, 110 S.Ct.577, 584 (1990) . . . . . . . . . . . . . . . 4

**STATUTES**

42 U.S.C. § 2000e-8(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3,4

**REGULATIONS**

29 C.F.R. § 1601.16(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

29 C.F.R. § 1601.16(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

iii

## STATEMENT OF QUESTIONS PRESENTED

1. Is Respondent barred from challenging judicial enforcement of the subpoena due to its failure to exhaust available administrative remedies?

        The Commission says:        Yes.


2. Should the Court enforce the Commission's subpoena to compel Respondent to produce documentation that is relevant to its investigation of the Charge of Discrimination?

        The Commission says:        Yes.

iv

## I.      INTRODUCTION

This matter is before the Court on the application of the Equal Employment

Opportunity Commission (the "EEOC" or "Commission") for an order to show cause why an

administrative subpoena should not be enforced. The EEOC is attempting to investigate a Charge

of Discrimination filed against the Detroit Police Department ("Respondent") under Title VII of

the Civil Rights Act of 1964 ("Title VII"), as amended.  In the course of its investigation, the

EEOC issued a subpoena seeking documents relating to this investigation. To date, Respondent

has failed to comply with this subpoena. This failure has delayed and hampered the investigation

of the charge. The Commission therefore applies to this Court for an Order to Show Cause why

the Subpoena should not be enforced.

## II.     BACKGROUND FACTS

Michael Sanders filed a Charge of Discrimination on November 12, 2009, alleging that

Respondent discriminated against him on the basis of sex by repeatedly subjecting him to

pornographic material and sexually explicit comments, and retaliating against him after he

complained.  Respondent was served with the Charge on November 13, 2009.  Exhibit B.  On

March 10, 2010, the Commission requested that Respondent produce additional relevant

information necessary for the investigation.  Respondent failed to submit documents responsive

to the Commission's request.

Having unsuccessfully sought voluntary compliance, the Commission then issued

Subpoena DT 10-124 and subpoenaed Respondent to produce the requested information.  Exhibit

C. Subpoena DT 10-124 was drafted in compliance with the Commission's procedural

regulations. The subpoena was delivered by certified mail to Respondent on May 3, 2010.

Exhibit C.  Respondent received the subpoena on May 4, 2010.  Exhibit D.  Respondent chose

not to seek administrative relief from the subpoena by filing a petition with the Commission to

revoke or modify the subpoena, and instead has chosen to ignore the Commission's subpoena.

Due to Respondent's failure to comply, the Commission is unable to proceed

with its investigation. The information sought by the Commission in Subpoena DT 10-124 is

narrowly tailored to the Charge under investigation and is relevant to resolving the allegations

contained in the Charge. The requested documentation relates to the circumstances

surrounding the allegations that Sanders was subjected to unlawful discrimination. For

example, the subpoena seeks documents regarding any investigation of Sanders's internal

complaint, and copies of all documents regarding other complaints of sexual harassment or

the receipt of pornographic material or information.  Given these circumstances, the

Commission is entitled to have its subpoena enforced.

### III.   ARGUMENT

#### A.   Respondent Is Barred from Challenging Judicial Enforcement of the Administrative Subpoena Due To Failure to Exhaust Administrative Remedies

The Commission's regulations provide a party with the opportunity to object to a

subpoena. 29 C.F.R. § 1601.16(b).  More specifically, within five days of receipt, the

Respondent may file a Petition to Revoke or Modify the Subpoena with the Commission.

However, in this case, Respondent never pursued this procedural option.

Although the Court is not precluded from considering issues raised by Respondent

that were not first presented to the Commission, Respondent's failure to comply with Section

1601.16(b) "creates a strong presumption that [the] issues parties fail to present to the agency

2

will not be heard in court." *EEOC v. Lutheran Soc. Servs.,* 186 F.3d 959, 964 (D.C. Cir.1999). In determining whether the recipient of a Commission subpoena can sufficiently defeat this presumption, courts may consider any extraordinary circumstances surrounding the recipient's failure to file a Section 1601.16(b) petition. *Id.* There are absolutely no circumstances that warrant excusing Respondent's failure to file a Section 1601.16(b) petition. Respondent's failure to utilize the administrative procedures under Section 1601.16(b) to challenge the subpoena, coupled with its failure to comply with the subpoena absent judicial intervention, plainly suggest that this Court should enforce the Commission's subpoena in its entirely.

### B.   The Information Sought By The Commission Is Relevant to Investigation Of Charge Of Discrimination.

Congress has conferred several investigatory powers upon the Commission to enable it to adequately investigate Charges of Discrimination. One of these powers is the authority to issue a subpoena requiring the production of evidence. 29 C.F.R. § 1601.16(a)(2). To enable the Commission to make informal decisions at each stage of the enforcement process, it has conferred a broad right of access to relevant evidence:

> "The Commission or its designated representative shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by [the Act] and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a).

If an employer refuses to provide this information voluntarily, Section 107 of the ADA, 42 U.S.C. § 12117, which adopts Section 706(a) and (b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(a) and (b), authorizes the Commission to issue a subpoena and, if necessary, seek a court order to enforce the subpoena. 42 U.S.C. § 2000e-8. Courts interpret the

term "relevant" expansively to afford "the EEOC access to virtually any material that might

cast light on the allegations against the employer." *EEOC v. Roadway Express, Inc.,* 261 F.3d

634, 637 (6th Cir. 2001) (citing *Shell Oil,* 466 U.S. at 68-69); see also, *EEOC v. Ford Motor*

*Credit,* 26 F.3d 44, 47 (6th Cir. 1994) (noting that Congress intended the EEOC to have broad

access to information); *Univ. of Penn v. EEOC,* 493 U.S. 182, 110 S.Ct. 577, 584 (1990)

(affirming that the EEOC need only show that the requested material is "relevant" to the

investigation of the charge). When asked to enforce a Commission subpoena, the role of the

Court is not to determine whether the charge of discrimination is "well founded" or

"verifiable." *Shell Oil, supra* at 72, n.26.

In this matter, the Commission is seeking production of the material set forth in the

attached subpoena. This information should assist the Commission in thoroughly investigating

this Charge, including evaluating Respondent's investigation of Sanders's internal complaint,

Respondent's policies regarding sexual harassment and pornography in the workplace, Sanders's

sex discrimination claim, and Sanders's retaliation claim. This information is directly relevant

to the investigation of the Charge and passes the liberal relevancy test set forth by the law.

Moreover, the subpoena is narrow, straightforward, and poses a minor burden on Respondent.

To effectuate the purposes of the law, this Court should therefore enforce the Commission's

subpoena in its entirety.

## IV.    RELIEF REQUESTED

For the foregoing reasons, the Commission respectfully requests that this Court grant its

*Application for an Order to Show Cause* and require Respondent to show cause why the

subpoena should not be enforced.

4

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

LAURIE YOUNG
Regional Attorney

DEBORAH BARNO (P44525)
Supervisory Trial Attorney

Dated: October 12, 2010

NEDRA CAMPBELL (P58768)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave., Room 865
Detroit, Michigan 48226

5

## **INDEX OF EXHIBITS**

Exhibit A-    Declaration of Gail D. Cober

Exhibit B-    Charge and Notice of Charge of Discrimination

Exhibit C-    Subpoena DT 10-124 and Certified Mail Receipt

Exhibit D-    USPS Track & Confirm Receipt

# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Applicant ) | MISC. ACTION NO. |
| ) ) | |
| ) | Honorable |
| ) | |
| v. ) | |
| ) | |
| DETROIT POLICE DEPARTMENT. ) | |
| ) | |
| Respondent. ) | |

<u>**DECLARATION OF GAIL D. COBER**</u>

I, Gail D. Cober, solemnly state as follows:

1.      I am the Director of the Detroit Field Office of the Equal Employment

Opportunity Commission ("EEOC" or "Commission") and, in that role, I am

responsible for the operations of the office, including the investigation of charges

of employment discrimination.

2.      The Detroit Field Office is responsible for investigating charges that employers

have engaged in employment practices made unlawful by the Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.* ("Title VII").

3.      Among the EEOC's investigative files in the Detroit Field Office is the charge file

for Charge No. 471-2010-00431 ("Charge"), filed against Detroit Police

Department ("Respondent") by Charging Party Michael Sanders.

4.      I state the following based on my personal examination of the file for Charge No. 471-2010-00431:

     a.      Charging Party Michael Sanders filed a Charge of Discrimination against Respondent on November 12, 2009 (Exhibit B);

     b.      This Charge was filed under the Title VII and alleges that Respondent discriminated against Sanders by subjecting him to unlawful discrimination and retaliating against him for complaining (Exhibit B);

     c.      To further investigate this Charge, on March 10, 2010, the EEOC served Respondent with a Request for Information ("RFI");

     d.      Respondent failed to respond.

5.      On May 3, 2010, the Commission served Respondent with Subpoena DT-10-124 to compel it to produce the requested information necessary for the Commission to conduct a thorough investigation (Exhibit C). Respondent received this Subpoena on May 4, 2010, (Exhibit D).

6.      To date, Respondent has failed to respond to the Subpoena.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 12, 2010

                                   Gail D. Cober, Director
                                   Detroit Field Office

# Exhibit B

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 471-2010-00431 |

**Michigan Department Of Civil Rights**  and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Michael E. Sanders** | | 05-14-1955 |

| Street Address | City, State and ZIP Code |
|---|---|
| **29034 Forest Hill Drive, Farmington Hills, MI 48331** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **DETROIT POLICE DEPARTMENT** | **500 or More** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **1300 Beaubien,  Detroit, MI 48226** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | | |
|---|---|---|---|
| ☐ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
| ☒ RETALIATION | ☐ AGE | ☐ DISABILITY | | ☐ OTHER *(Specify below.)* |

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 01-01-2007 | 11-12-2009 |

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

My employment with the above-named employer began on July 5, 1977.  I am currently employed as a Sergeant.

Beginning in 2007, I have been subjected to sexual harassment by the commanding officer.  He has been sending me pornographic material at all times.  When I asked him to stop he changed my assignment, lowered my service rating and has continued to harass me at work.  He drove me to his home and when I refused to go in his house he took me off a preferred detail for no reason.  He calls my cell phone before and after work hour to talk about his sexual escapades.  When I firmly insisted he stop he began a campaign of harassment.

I believe I have been subjected to sexual harassment and different terms and conditions of employment for complaining of sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Nov 12, 2009 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date                Charging Party Signature | 11-12-09   Frances Argiano, Inv. |

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Valerie A. Colbert-Osamuede<br>Chief Assistant Corporation Counsel<br>660 Woodward, Suite 1650<br>Detroit, MI 48226 | **Michael E. Sanders** |

| THIS PERSON (check one or both) |
|---|
| ☐ Claims To Be Aggrieved |
| ☐ Is Filing on Behalf of Other(s) |

| EEOC CHARGE NO. |
|---|
| **471-2010-00431** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act      [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act      [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **03-DEC-09** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **26-NOV-09** to **Stephanie E. Perkins, ADR Coordinator, at (313) 226-4623**
If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Marcia L. Hyatt,**<br>**Enforcement Supervisor**<br>*EEOC Representative*<br>Telephone   **(313) 226-2290** | **Detroit Field Office**<br>**477 Michigan Avenue**<br>**Room 865**<br>**Detroit, MI 48226** |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [X] RETALIATION   [ ] OTHER

## See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| November 12, 2009 | Danny G. Harter,<br>Director | |

# Exhibit C

EEOC Form 136
(Test 10/94)

# UNITED STATES OF AMERICA

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# SUBPOENA

TO:     Detroit Police Department                          NO.   DT-10-124
        Human Resources Office, Custodian of Records
        660 Woodward, Suite 1650
        Detroit, MI  48226

IN THE MATTER OF:     Michael Sanders v. Detroit Police Department

                              Charge No.     471-2010-00431

Having failed to comply with previous request(s) made by or on behalf of the undersigned Commission official,  YOU ARE
HEREBY REQUIRED AND DIRECTED TO:

[ ] Testify before:     [X] Produce and bring *     [X] Mail *  the documents described below to:

[ ] Produce access to the evidence described below for the purpose of examination or copying to:

Lolita Davis, Investigator                          of the Equal Employment Opportunity Commission

at   477 Michigan Avenue, Room 865, Detroit, MI 48226   on   May 14, 2010   at   3:00 pm   o'clock

The evidence required is

1. Produce a copy of Lt. Timothy Anderson's complete personnel file.
2. Produce a copy of Lt. Timothy Anderson's disciplinary file.
3. Produce a copy of the investigative report into what happened regarding Charging Party's alleged receipt of pornographic material from Lt. Timothy Anderson.
4. Produce a copy of any and all emails, notes, and correspondences regarding Charging Party's alleged complaint of sexual harassment.
5. Produce a copy of any and all emails, notes, and correspondences regarding other co-workers alleged complaints of sexual harassment or receipt of inappropriate emails.
6. Produce a copy of any and all supporting documentation as to why Charging Party's service rank was changed.
7. Produce a copy of any and all supporting documentation as to why Charging Party was taken off of preferred detail.
8. Produce a copy of the company's entire employee handbook.

This subpoena is issued pursuant to   [X] (Title VII) 42 U.S.C. 2000e-9   [ ] (ADEA) 29 U.S.C. 626(a)   [ ] (EPA) 29 U.S.C.209
                                      [ ] (ADA) 42 U.S.C. 12117(a)

ISSUING OFFICIAL (Typed name, title and address)          ON BEHALF OF THE COMMISSION
Gail D. Cober
EEOC Field Director
477 Michigan Avenue, Room 865                    _Gail D. Cober_          5/3/10
Detroit, MI 48226                                                        _____
                                                                          Date

*NOTICE TO PERSON SUBPOENAED - The Commission will not pay witness fees or travel expenses for the delivery of required documents to
a Commission office unless the box "Testify before" is also checked on the subpoena.

# SUBPOENA

## PROOF OF SERVICE

I hereby certify that being over 18 years of age and not a party to or any way interested in these proceedings, I duly served a copy of the subpoena on the persons named in this subpoena.

☐ in person

☒ by certified mail

☐ by leaving a copy with a responsible person, at the

principal office or place of business, to wit:

Name                    Lolita Davis

Position                Investigator

Address            EEOC - 477 Michigan Avenue, Rm. 865, Detroit, MI 48226

On                       5/3/10
                        (Mo, day & year)

_____
(Signature of person making service)

_____
(Official title, if any)

State                    Michigan

Parish/
County                   Wayne

## CERTIFICATION OF ATTENDANCE

I certify that the person named herein was in attendance and satisfactorily produced the records requested or gave oral testimony at

On                       _____
                        (Mo, day & year)

_____
(Signature of person making service)

_____
(Official title, if any)

**U.S. Postal Service**™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To _Valerie Colbert-Osmaub_

Street, Apt. No.; _660 Woodward, Suite 1650_
or PO Box No.

City, State, ZIP+4 _DETROIT MI 48226_

PS Form 3800, June 2002                    See Reverse for Instructions

# Exhibit D



**UNITED STATES**
**POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7004 1350 0000 6294 2489
**Status: Delivered**

Your item was delivered at 12:45 pm on May 04, 2010 in DETROIT, MI
48226. A proof of delivery record may be available through your local
Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > )  (?)    ( Return to USPS.com Home > )

---

**Track & Confirm**
Enter Label/Receipt Number.

( Go > )

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,         ) <br> ) <br> )<br>Applicant     ) <br> )<br> )<br> )<br>v.                       )<br> )<br>DETROIT POLICE DEPARTMENT, )<br> )<br>Respondent.    )<br>_____) | MISC. ACTION NO. <br><br> Honorable |

### ORDER TO SHOW CAUSE

TO:    Valerie Colbert-Osamuede
          Chief Assistant Corporation Counsel
          660 Woodward Avenue, Ste.1650
          Detroit, Michigan 48226

          Nedra D. Campbell
          Equal Employment Opportunity Commission
          477 Michigan Avenue, Room 865
          Detroit, MI  48226

The United States Equal Employment Opportunity Commission (the "Commission") has filed an Application for an Order requiring the Respondent, Detroit Police Department, to Show Cause why a subpoena requiring the Respondent to produce documentary evidence should not be enforced.

Subpoena DT 10-124 was issued on May 3, 2010, in connection with Charge Number 471-2010-00431, filed by Michael Sanders. The Commission duly served Subpoena Number DT 10-124 and good cause appears.

WHEREFORE, the Court finds that the following order should be entered:

IT IS HEREBY ORDERED that the Respondent shall appear before the Honorable

_____, on the _____day of _____, 2010, at _____o'clock _.m., or soon

thereafter as counsel may be heard, and Show Cause why an Order of this Court should not be

issued directing the Respondent to comply with the requests made in the Commission's

Subpoena Number DT 10-124 on a date set by this Court.

IT IS FURTHER ORDERED that service on the Respondent by regular first class mail of

a copy of this Order and of the papers upon which the Order is granted shall be sufficient service.

IT IS FURTHER ORDERED that the Respondent shall file and serve its Answer to the

Application no later than the _____day of _____, 2010.

Entered this ____day of _____, 2010.


_____
United States District Judge


2